

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
*Eastern Division*

| | |
|---|---|
| | :    CIVIL ACTION |
| **GERALD A. POTTS**<br>106 Plant Street<br>Pocahontas, IL 62275 | : |
|         Plaintiff | **06cv6351**<br>**JUDGE GRADY**<br>**MAGISTRATE JUDGE DENLOW** |
| vs. | |
| **CSX TRANSPORTATION INC.**<br>c/o Illinois Corporation Service Co.<br>801 Adlai Stevenson Drive<br>Springfield, IL 62703-4261 | :<br>:<br>:    **JURY TRIAL DEMANDED**<br>: |
| and | FILED<br>NOV 2 0 2006<br>MICHAEL W. DOBBINS<br>CLERK, U.S. DISTRICT COURT |
| **CONSOLIDATED RAIL<br>CORPORATION**<br>c/o Illinois Corporation Service Co.<br>801 Adlai Stevenson Drive<br>Springfield, IL 62703-4261 | : |
| and | :<br>: |
| **PENN CENTRAL CORPORATION**<br>a/k/a American Premier<br>Underwriters, Inc.<br>c/o C. T. Corporation System<br>208 S. LaSalle Street<br>Suite 814<br>Chicago, IL 60604 | :<br>:<br>:<br>:<br>:<br>:<br>: |
|        Defendants | :    NO. |

# COMPLAINT
## Repetitive Stress

1.     The Plaintiff, Gerald A. Potts, is a competent adult individual residing at 106 Plant Street, Pocahontas, Illinois 62275.

2.     The Defendant, CSX Transportation Inc., is a corporation organized and existing under the laws of the State of Virginia, doing business in the state of Illinois, Indiana, and Ohio and whose address for service of process is listed above.

3.     The Defendant, Consolidated Rail Corporation, is a corporation organized and existing under the laws of the State of Pennsylvania, doing business in the state of Illinois, Indiana and Ohio and whose address for service of process is listed above.

4.     The Defendant, Penn Central Corporation, a/k/a American Premier Underwriters, Inc., is a corporation organized and existing under the laws of the State of Pennsylvania, and who had conducted business in the State of Illinois, Indiana and Ohio and whose address for service of process is listed above.   Penn Central Corporation, a/k/a American Premier Underwriters, Inc., is the successor in interest to the Penn Central Transportation Company, The Pennsylvania Railroad and New York Central Railroad and as such is responsible to former employee of those railroads under the Federal Employer's Liability Act.

5.     This suit is brought pursuant to an Act of Congress known as the Federal Employers' Liability Act (F.E.L.A.), 45 U.S.C. §§51-60; the Federal Safety Appliance Acts, 45 U.S.C.§§1-16; and the Boiler Inspection Acts, 45 U.S.C.§§22-34.

- 2 -

6.     At all times material hereto, the Defendant, CSX Transportation Inc., was engaged in interstate commerce as a common carrier by railroad operating a line and system of railroads in the State of Illinois, Indiana, Ohio and other states of the United States.

7.     At all times material hereto, the Defendant, Consolidated Rail Corporation, was engaged in interstate commerce as a common carrier by railroad operating a line and system of railroads in the State of Illinois, Indiana, Ohio and other states of the United States.

8.     At all times material hereto, the Defendant, Penn Central Corporation a/k/a American Premier Underwriters, Inc., was engaged in interstate commerce as a common carrier by railroad operating a line and system of railroads in the State of Illinois, Indiana, Ohio and other states of the United States.

9.     At the time and place hereinafter mentioned, the acts of omission and commission causing injuries to the Plaintiff were done by the Defendants, their agents, servants, workmen and/or employees acting in the course and scope of their employment with and under the direct and exclusive control of the Defendants.

10.     At the time and place hereinafter mentioned the Plaintiff was employed by the Defendants, and was acting in the scope of his employment by Defendants and was engaged in the furtherance of interstate commerce within the meaning of said Act.

- 3 -

11.    All the property, equipment and operations involved in this occurrence hereinafter referred to were owned and/or under the direct and exclusive control of the Defendants, their agents, servants, workmen and/or employees.

12.    While working for the Defendants, from 1970 through and including March 2005, the Plaintiff was exposed to excessive and harmful cumulative trauma to his shoulders due to prolonged and/or repetitive use of his arms in overhead and/or extended positions with which he performed his work for the Defendants.

13.    Less than three years before this action was filed, Plaintiff discovered that he suffered a tear of the right shoulder rotator cuff as a result of the repetitive occupational trauma to his shoulder, which required surgery, and until such time Plaintiff was reasonably ignorant as to same.

14.    The injuries and disabilities of the Plaintiff were caused by exposure to excessive repetitive trauma to his upper extremities while working for the Defendant.

15.    The aforesaid injuries were caused in whole or in part by the negligence, carelessness and recklessness of the Defendants and their agents, servants, workmen and/or employees, acting within the scope of their employment, which negligence consisted of the following:

>    (a)    in failing to provide the Plaintiff with a safe place to work as required by the Federal Employers' Liability Act, 45 U.S.C. §§51-60;

- 4 -

(b)     in failing to provide Plaintiff with timely and adequate ergonomics program to prevent repetitive trauma to his upper extremities;

(c)     in failing to provide Plaintiff with adequate assistance to safely perform his assigned task.

(d)     in failing to provide Plaintiff with adequate equipment to safely perform assigned task.

(e)     in failing to periodically test employees such as the Plaintiff for physical effects of repetitive trauma to the upper extremities; and failing to take appropriate action, including advising Plaintiff as to the test results;

(f)     in failing to exercise reasonable care to adequately warn Plaintiff of the risks, dangers and harm to which they were exposed in working with and around repetitive trauma to his upper extremities;

(g)     in negligently requiring and/or allowing the Plaintiff to be exposed to unsafe levels of repetitive trauma to the upper extremities when it knew of the risks thereof;

(h)     in negligently failing to inspect or monitor the occupational repetitive trauma in the job duties where the Plaintiff was required to work;

(i)     in negligently failing to warn Plaintiff of the risk of repetitive trauma injuries as a result of exposure to repetitive occupational trauma to the upper extremities;

(j)     in negligently failing to provide the Plaintiff with protective equipment designed to protect him from repetitive trauma injuries as a result of exposure to repetitive occupational trauma to the upper extremities;

(k)     in negligently failing to employ safe working practices;

(l)     in negligently failing to promulgate, issue, circulate and/or enforce adequate safety rules regarding avoiding repetitive trauma injuries, especially those to the upper extremities;

(m)    in negligently failing to modify or eliminate certain job duties, equipment or practices so as to minimize or eliminate the cumulative traumas to which the Plaintiff would be exposed.

(n)     in negligently failing to make reasonable efforts to ascertain the risks and hazards of repetitive trauma and repetitive trauma disorders;

(o)     in negligently failing to monitor the Plaintiff's work habits to determine if his work activities placed him at risk of suffering a repetitive trauma injury; and,

- 6 -

(p)     in negligently failing to use due care and caution required under the circumstances.

16.     As a direct result of the Defendant's negligence, through their agents, servants, workmen and/or employees, the Plaintiff has been unable to attend to his usual duties and occupations, all of which caused substantial financial loss, wage loss, loss of future earning capacity, all of which may and probably will continue in the future.

17.     As a direct result of the Defendant's negligence, through their agents, servants, workmen and/or employees, the Plaintiff has been and may continue to be required to receive and undergo medical treatment and medical care, has incurred reasonable and necessary medical expenses, all of which may and probably will continue in the future.

18.     As a direct result of the Defendant's negligence, through their agents, servants, workmen and/or employees, the Plaintiff has sustained pain, suffering, inconvenience and a loss of enjoyment of life and may continue to suffer same for an indefinite period of time in the future.

19.     As a direct result of the Defendants, their agents, servants, workmen and/or employees the Plaintiff has sustained permanent injury to his upper extremities.

WHEREFORE, the Plaintiff demands judgment against the Defendants, in an amount in excess of ONE HUNDRED THOUSAND DOLLARS ($100,000.00)

Plaintiff demands trial by jury.

HANNON & PALERMO

Dated: November 17, 2006

GREGORY JOHN HANNON, ESQUIRE
The Public Ledger Bldg.- Suite 1000
150 S. Independence Mall West
Philadelphia, PA 19106
(215) 446-4460
Attorney for Plaintiff

DICKER & DICKER

Dated: November 17, 2006        BY:

STEVEN M. DICKER, ESQUIRE
300 W. Adams Street
Suite 330
Chicago, IL 60606-1102
(312) 853-3485
Local Counsel for Plaintiff

- 8 -